**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

IRISH OAKS COMMUNITY CHURCH,

    Plaintiffs,

v.                                                      Case No. 17-10547

LAPEER TOWNSHIP,

    Defendants.

                                                     /

**ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

       Pending before the court is Plaintiff's Motion for Partial Summary Judgment. (Dkt. #4.) The motion has been fully briefed by both sides. After a review of the briefs, the court finds that a hearing is not necessary. *See* E.D. Mich. LR 7.1(f). For the following reasons, the court will deny Plaintiff's motion.

       Plaintiff's motion suffers from two formal defects. The unmet requirements, though technical, serve significant purposes in the efficient resolution of litigation before this court. First, Eastern District of Michigan Local Rule 7.1(a) requires that the parties seek concurrence prior to filing a motion. Plaintiff indicates that:

> Pursuant to LR 7.1(a)(2)(A), concurrence for relief from Michael Gildner, attorney for Lapeer Township was requested on February 25, 2017, and concurrence in the relief requested herein was not given.

(Dkt. #4, Pg. ID 469.) However, the local rule requires more than a bare recitation that concurrence was sought and denied:

> If concurrence is not obtained, the motion or request must state . . . there was a conference between attorneys or unrepresented parties and other persons entitled to be heard on the motion in which the movant explained

> the nature of the motion or request and its legal basis and requested but did not obtain concurrence in the relief sought . . .

E.D. Mich. LR 7.1(a)(2)(A). This court's practice guidelines, available online, indicate that, "Failure to comply or to state the details of compliance as required may result in a denial of the motion without response." Plaintiff does not indicate whether the parties conferred in person, via telephone, or perhaps merely via exchanged emails, nor does Plaintiff suggest that it then explained the legal basis for the motion.

The second defect has to do with Plaintiff's narrative-styled recitation of the pertinent facts. Such a formatting without numbered paragraphs, even where citations to the record are made throughout as with Plaintiff's brief, makes it nearly impossible for Defendant or the court to identify and evaluate which facts are truly in dispute. Normally the court would issue a scheduling order prior to the filing of a motion for summary judgment outlining these requirements, but in this case Plaintiffs filed their motion less than a week after filing the complaint and three days after Defendant was served, so no scheduling order had yet issued. However, this court's practice guidelines contain a sample scheduling order describing the formatting for the statement of facts and "fact appendix" that this court requires for such motions. Plaintiffs had at least constructive notice of this court's expectations as to formatting.

Finally, even setting aside the defects outlined above, Plaintiffs' motion does not warrant a grant of summary judgment. Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "In deciding a motion for summary judgment, the court must view the evidence in the light most favorable to the

non-moving party, drawing all reasonable inferences in that party's favor." *Sagan v. United States*, 342 F.3d 493, 497 (6th Cir. 2003). Summary judgment is not appropriate when "the evidence presents a sufficient disagreement to require submission to a jury." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 243 (1986).

Despite the fact that at this early stage in litigation, the parties have not conducted significant formal discovery, Defendant identifies a question of fact on an issue material to the resolution of Plaintiff's motion. Plaintiff alleges generally that Defendant discriminated against it as a religious institution in a way which is not permissible under various constitutional and statutory doctrines. The instant motion seeks summary judgment on its claim that by failing to place it on equal terms with other non-religious institutions, Defendant's zoning ordinance violates the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), which states that:

> No government shall impose or implement a land use regulation in a manner that treats a religious assembly or institution on less than equal terms with a nonreligious assembly or institution.

42 U.S.C. § 2000cc(b)(1).

Defendant contends that, as a threshold matter, Plaintiff is not in fact a "religious assembly or institution" but instead is truly a for-profit venue and chapel seeking to "hold weddings and corporate events." (Dkt. #11, Pg. ID 902.) Defendant has identified statements made before the Township of Lapeer Planning Commission in March of 2016 indicating that the proposed church did not yet have a pastor. (Dkt.#11-4, Pg. ID 1116.) It also points to advertisements apparently disseminated by Plaintiff calling itself "Irish Oaks Farms" or "Hunters Creek Venue" while offering services such as hay rides, a pig roast, and a venue for everything "from weddings and receptions to reunions[,]

3

corporate events or whatever your imagination creates." (Dkt. #11-2, Pg. ID 923, 924.)

Defendant has established that, at least at this stage, a question of fact exists as to whether Plaintiffs are a religious institution subject to the protections of the RLUIPA or a commercial outfit that happens to also conduct weddings when expedient. Thus, the court finds that summary judgment is inappropriate and will deny Plaintiff's motion. Accordingly,

IT IS ORDERED that Plaintiff's Motion for Partial Summary Judgment (Dkt. #4) is DENIED.

                                                    s/Robert H. Cleland
                                                  ROBERT H. CLELAND
                                                  UNITED STATES DISTRICT JUDGE

Dated: May 8, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 8, 2017, by electronic and/or ordinary mail.

                                                    s/Lisa Wagner
                                                  Case Manager and Deputy Clerk
                                                  (810) 984-2056